■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY M. SIMMONS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered February 20, 1981, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree. While on patrol in the parking lot of a shopping plaza, Police Officer Banfield noticed defendant walking away from the Century House store carrying a sleeping bag and helmet, with what appeared to be two rifle butts sticking out of the sleeping bag. Defendant kept glancing back over his shoulder as he walked. Officer Banfield realized that defendant matched the description of a reported shoplifter in an incident which he had investigated at the store two weeks earlier. Banfield pulled his car up in front of defendant, got out, and as he approached defendant, asked to talk to him for a minute. Noticing a price tag hanging from the helmet defendant was carrying, Banfield reached up to

look at it. As he did so, defendant blurted out, "I stole them from Century". At a suppression hearing following defendant's arrest and indictment, the County Judge found that defendant's statement was voluntary and not made in response to custodial interrogation, and, therefore, did not require prior *Miranda* warnings. On this appeal, defendant claims that his statement was unconstitutionally obtained and should have been suppressed. Officer Banfield made a reasonable investigative stop not offensive to the Fourth Amendment when he stopped defendant in the parking lot. Before approaching defendant, he had observed defendant carrying merchandise which was not in any type of shopping bag or wrapping, with apparently two rifle stocks protruding from the sleeping bag. He also had observed that defendant kept looking back over his shoulder as he walked away from the store. Furthermore, defendant matched the description of a reported shoplifter at the Century House just two weeks before. These "specific and articulable facts" and the "rational inferences" to be drawn from them were a sufficient basis for the stop *(Terry v Ohio,* 392 US 1, 21). *Miranda* warnings are required only for custodial interrogations *(Miranda v Arizona,* 384 US 436). It has been held that a brief investigative stop, conducted in such a manner that a reasonable person, innocent of any crime, would not believe that he had been deprived of his freedom in any significant way, is not a custodial interrogation *(Matter of Kwok T.,* 43 NY2d 213; *People v Armstrong,* 31 AD2d 447). Certainly a reasonable and innocent person, carrying merchandise he had just purchased across a shopping plaza parking lot, would not believe he had been significantly deprived of his freedom if a police officer approached and asked to talk to him for a minute. Therefore, *Miranda* does not apply to this situation. Furthermore, defendant's statement to Officer Banfield was voluntary and spontaneous, not the result of interrogation. Immediately after Officer Banfield approached him saying he would like to talk for a minute, defendant blurted out his admission. Officer Banfield had not asked any questions, much less invited or urged defendant to make any incriminating statements. Defendant's statement was not "triggered by police conduct which should reasonably have been anticipated to evoke a declaration from the defendant" *(People v Lynes,* 49 NY2d 286, 295). "[T]he police surely cannot be held accountable for the unforeseeable results of their words or actions" *(Rhode Is. v Innis,* 446 US 291, 301-302). On these facts, failure to suppress defendant's statement was not error since neither his right to remain silent nor his right to counsel was abridged. Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.